ANGEL WENCESLAO FERNÁNDEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 857.—*Sometido:* Diciembre 31, 1931. *Resuelto:* Enero 19, 1932.

*H. Torres Solá,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

A la muerte de la Señora Minerva Gifford, ocurrida en Río Piedras, su viudo Angel W. Fernández acudió a la Corte de Distrito de San Juan en solicitud de que se declarara heredera a su sobrina Josephine Gifford Kendall, de Ohio, única persona con derecho a ello, y al solicitante en la cuota en usufructo que la ley señala. De acuerdo con la prueba practicada y dentro del procedimiento autorizado por la ley, la corte de distrito hizo la declaración solicitada.

Presentada copia de la misma en el Registro de la Propiedad de San Juan a los efectos de inscribirla en relación con determinada finca rústica, el registrador la inscribió, pero haciendo constar que no resultaba de la resolución de la corte que se hubiera hecho la convocatoria que determina el artículo 19 de la Ley referente a Procedimiento Legales Especiales de 1905.

Considerando que lo hecho constar constituye por lo menos una nube en su título que puede dificultar futuras transacciones, la parte interesada ha recurrido para ante este tribunal.

Creemos que tiene razón el recurrente. El precepto legal citado por el registrador, en lo pertinente, dice:

"Solicitada la declaración de herederos a favor de un pariente colateral dentro del 6º grado, si el juez tuviere motivos para creer que podrán existir otros parientes de igual o mejor grado, y el valor de los beines excede de mil dollars ($1,000), podrá el juez a su discreción, mandar a publicar edictos anunciando el fallecimiento del fi-

nado y los nombres y grados de parentesco de los que reclaman la herencia y llamando a los que se crean con igual grado o mejor derecho, para que comparezcan a reclamar dentro de un plazo determinado.''

No siendo obligatoria sino discrecional la convocatoria para que el juez haga la declaración de herederos, el hecho de que no aparezca de la resolución que se hizo, no constituye defecto ni falta alguna a la cual esté obligado a llamar la atención el registrador al inscribirla.

*En tal virtud debe declararse con lugar el recurso y ordenarse al registrador que deje sin efecto la constancia indicada.*